Fogle Unemployment Compensation Case.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Daniel M. Berger,* with him *Berger & Berger,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1961:

In this unemployment compensation case the bureau, referee and board all concluded that the appellant voluntarily terminated his employment without cause of a necessitous and compelling nature and disqualified himself from receiving benefits under the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

Appellant's last day of work was Friday, August 14, 1959. He went to Sandusky, Ohio, on the weekend and while there was arrested and imprisoned and later

tried and convicted for contributing to the delinquency of a minor. On August 24, 1959 the employer was notified that appellant would not return to work. On August 28, 1959 the employer removed appellant from the payroll in accordance with company policy providing for such automatic action if an employe fails to report to work within five days. The appellant knew of the company policy and for this reason did not apply for reinstatement after his release from prison ten months later.

Appellant testified that during the first days after his arrest he was unable to notify his employer of his whereabouts. The board was not impressed by this excuse and neither are we. The board did not have to believe this testimony. Appellant's conduct was tantamount to an abandonment of his employment relationship: *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 610, 82 A. 2d 671. See also *Michalsky Unemployment Compensation Case,* 163 Pa. Superior Ct. 436, 62 A. 2d 113.

Furthermore, this appellant could have been refused employment because of his commission of a crime involving moral turpitude: *Dept. of L. & I. v. Unemployment Compensation Bd.,* 148 Pa. Superior Ct. 246, 248, 24 A. 2d 667.

Decision affirmed.