Cooper's, Inc., Appellant, v. Industrial Commission and another, Respondents.

*January 12—February 6, 1962.*

For the appellant there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent Industrial Commission there was a brief and oral argument by *Arnold J. Spencer,* chief counsel of the unemployment compensation division.

BROADFOOT, C. J.    Following a hearing at Kenosha before an examiner for the commission acting as an appeal tribunal, said appeal tribunal made the following findings of fact:

"The employee worked for the employer as an accountant in its garment-manufacturing business from April, 1956, to February 6, 1959 (Friday of week 6), when he was discharged because he would not work overtime as directed.

"The employee was paid on a weekly salary basis, receiving $113 and some cents a week. When hired he was informed that it would be necessary for him to work overtime without additional pay, but was assured that there would not be much overtime. At that time he indicated that he did not want to work a great deal of overtime because he was conducting a private accounting business of his own outside of working hours. He was not requested to work any overtime in 1957.

"During the winter of 1958, he was assigned to some overtime work when he took inventory trips out of the city in which he customarily worked. He did not protest this.

"In June of 1958 an accountant who had been employed by the employer for thirty-seven years became ill and hospitalized. He died in July. He was not replaced. Thereafter, the accounting department fell behind in its work necessitating at the end of the year a great deal of overtime work by the remaining staff. The employee worked overtime, but protested against the amount of overtime he was expected to work. Whenever he was late in reporting for work or absent from work due to illness, he made up the time lost. He worked during his lunch hour and after work in the afternoon. During the period from December 6th to

January 29th, he worked twenty-six and one-half hours overtime of which he kept a record.

"During the last six months of his employment, the employee's supervisor expected him to work from forty-five to fifty-five hours each week instead of the scheduled forty hours; an average of about fifty hours a week. Several discussions were held between the employee, his supervisor, and the office manager about the employee's reluctance to work the amount of overtime expected. The employee suggested that his wages be reduced to $90 a week and that he be paid for the overtime work. The employer refused to do this.

"On February 4th (Wednesday of week 6), the employee's supervisor ordered him to work from 7 p. m. to 9 p. m. that evening. The employee was willing to work two hours overtime, but objected to doing it at the time specified. He asked his supervisor if that was going to continue. The supervisor replied that it was and also 'four hours on Saturday.' From this the employee understood that his supervisor expected him to work two hours each evening and four hours on Saturday, fourteen hours a week overtime, and he refused to do it. He was discharged on Friday of week 6.

"The employer alleged that the employee could be required to work overtime as directed without additional pay because he was an administrative exempt employee under the Federal Wage and Hour Law. An investigator from the United States department of labor found that the employee was not an administrative exempt employee and was entitled to $39.11 in overtime pay for the twenty-six and one-half hours overtime worked in December and January.

"Under the circumstances the employee's conduct did not evince any intentional disregard of the employer's interests. The employer demands were unreasonable.

"The appeal tribunal therefore finds that the employee was discharged but not for misconduct connected with his employment, within the meaning of sec. 108.04 (5) of the statutes."

The plaintiff attacks certain of the findings of fact made by the appeal tribunal and adopted by the Industrial Commission, and also the conclusion that the employee was not discharged for misconduct connected with his employment.

It is contended that the employee was never asked to work fourteen or fifteen hours overtime in any one week; that overtime was mainly a periodic matter, usually in the last few months of the year; that respondent refused in January to do any overtime work and that the only basis upon which he would work overtime was upon condition that the employer modify his contract of employment and classify him as a nonexempt employee at a lower weekly wage but plus time and a half for overtime. It is further contended that the employee planned to resign and move to some location in the west. No finding in that respect was made by the appeal tribunal. The employee did testify that he had made up his mind to move but had made no specific commitments.

The rule in this type of case with respect to findings of the commission under ch. 108, Stats., is stated in *Marathon Electric Mfg. Corp. v. Industrial Comm.* (1955), 269 Wis. 394, 402, 69 N. W. (2d) 573, 70 N. W. (2d) 576, as follows:

"In considering the first of these three questions we find that sec. 108.09 (7) of the Wisconsin Unemployment Compensation Act (ch. 108) makes the provisions of ch. 102, Stats. (the Wisconsin Workmen's Compensation Act), with respect to judicial review applicable to court review of decisions of the commission under ch. 108, Stats. Therefore, the findings of fact of the commission in the instant appeal are conclusive on this court if there is any credible evidence which, if unexplained, would support such findings. *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 85, 258 N. W. 336; *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 46, 56 N. W. (2d) 548."

That the issues are close is demonstrated by the fact that the commission deputy and its examiner acting as an appeal tribunal reached different results. In reviewing the record our duty is to determine if there is any credible evidence which, if unexplained, would support the findings.

We have carefully checked the record and do find therein credible evidence to support each finding. The term "misconduct" as used in ch. 108, Stats., is discussed and defined in *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 296 N. W. 636. The burden of proving that the employee was guilty of misconduct was upon the employer. There was no written contract of employment and the parties did not agree entirely as to the terms of the employment or as to the amount of overtime work expected of the employee. The commission was forced to make a choice, and since there is support in the record for each of the findings, this court cannot overturn them.

*By the Court.*—Judgment affirmed.

Hallows, J., dissents.