404 P.2d 600

**Harold S. O'NEAL, Claimant-Respondent,**

**v.**

**EMPLOYMENT SECURITY AGENCY,
Defendant-Appellant.**

No. 9612.

Supreme Court of Idaho.

July 29, 1965.

Franklin H. Powell, Legal Counsel, Employment Security Agency, Boise, for appellant.

F. M. Bistline, Pocatello, for respondent.

SMITH, Justice.

Respondent is herein referred to as claimant, and appellant as the Agency.

The Agency has appealed from an order of the Industrial Accident Board granting unemployment benefits to claimant. The appeal presents the issue whether claimant was discharged for misconduct in connection with his employment, rendering him ineligible for the benefits. I.C. § 72–1366(f). The facts are not in dispute.

Claimant was, and for some years prior to January 9, 1964, had been, an employee of the United States Post Office at Pocatello, Idaho.

On September 13, 1963, a criminal complaint filed in a Justice's Court in Bannock County charged claimant with the commission of certain acts violative of I.C. § 18–

6607[1]—a morals charge of the gravity of a felony. He was arrested, admitted to bail, and bound over to the Bannock County district court where he pleaded guilty to two of six counts charged on the information. On December 4, 1963, the court adjudged him guilty as charged, withheld sentence for a period of five years, and placed him on probation for the same period of time. The incidents occurred when claimant was off duty.

On January 9, 1964, claimant was discharged from his employment by reason of the offenses with which he was charged and his having pleaded guilty to the charges. The basis of his discharge was stated to be a violation of Postal Manual 717.311 a regulation of the United States Post Office, which provides:

> "Removal is an action to effect the absolute separation of an employee other than temporary or probational for cause, involving misconduct, delinquency, or insufficiency or other cause not covered by the separation terms discussed in this part, for example:
>
> \* \* \* \* \* \*
>
> "c. Infamous, dishonest, immoral, or notoriously disgraceful conduct, \* \* \*"

After his discharge claimant filed with the Agency a claim under the Employment Security Law for unemployment benefits. The Agency's claims examiner determined that claimant was ineligible for benefits on grounds that he had been discharged from the Postal Service because of misconduct in connection with his employment by virtue of his having been charged with conduct, which he had admitted, violative of I.C. § 18–6607, and of postal regulation 717.311(c). A redetermination proceeding resulted in affirmance of the determination denying the claim on the specified grounds. Claimant then appealed to the Appeals Examiner of the Agency; this appeal again resulted in affirmance of the original determination upon the same grounds. Claimant then appealed to the Industrial Accident Board; the Board entered its order reversing the decision of the Appeals Examiner and allowing benefits to claimant. The Agency appealed from such order.

The Agency assigns as error the holding of the Board that claimant was not discharged for misconduct in connection with his employment within the meaning of the

---

1. Lewd conduct with minor or child under sixteen.—Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the State Prison for a term of not more than life.

Employment Security Law. I.C. § 72–1366 in part provides:

> "Personal eligibility conditions.— The personal eligibility conditions of a benefit claimant are that—
>
> \*   \*   \*   \*   \*   \*
>
> "(f) His unemployment is not due to the fact that he has left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment."

Superimposed upon the entire Employment Security Law is the declaration of public policy by the legislature embodied in I.C. § 72–1302, which provides in part:

> "The legislature, therefore, declares that, in its considered judgment, the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, and for the compulsory setting aside of unemployment reserves to be used for the benefits of *persons unemployed through no fault of their own.*" (Emphasis supplied.)

■ All of the provisions of the act must be read and construed with this public policy in mind. Custom Meat Packing Company v. Martin, 85 Idaho 374, 379 P.2d 664 (1963); Dwyer v. Appeal Board of Michigan Unemployment Compensation Commission, 321 Mich. 178, 32 N.W.2d 434 (1948).

■ In a proceeding for benefits under the Employment Security Law the burden is on the claimant to prove that he has met the requirements and conditions of eligibility for benefit payments. Rasmussen v. Gem State Packing Company, 83 Idaho 198, 360 P.2d 90 (1961); Cahoon v. Employment Security Agency, 82 Idaho 224, 351 P.2d 477 (1960); In re Walker's Claim, 80 Idaho 420, 332 P.2d 199 (1958); Turner v. Boise Lodge No. 310 Etc., 77 Idaho 465, 295 P.2d 256 (1956); Wolfgram v. Employment Security Agency, 75 Idaho 389, 272 P.2d 699 (1954); Claim of Sapp, 75 Idaho 65, 266 P.2d 1027 (1954).

■ The Employment Security Law does not cover those whose unemployment results from their own fault. Johns v. S. H. Kress & Company, 78 Idaho 544, 307 P.2d 217 (1957); Talley v. Unemployment Compensation Division, 63 Idaho 644, 124 P.2d 784 (1942). See also Ramsey v. Employment Security Agency, 85 Idaho 395, 379 P.2d 797 (1963).

In Michalsky v. Unemployment Compensation Board of Rev., 163 Pa.Super. 436, 62 A.2d 113 (1948), in construing the declared public policy of unemployment compensation law, the Pennsylvania Superior Court stated:

> "\*   \*   \* The public policy so declared must be considered in construing every

provision of the Act and in determining eligibility for compensation in every case. Barclay White Co. v. Unemployment Compensation Board of Review, 356 Pa. 43, 50 A.2d 336. In Department of Labor and Industry etc. v. Unemployment Compensation Board of Review, 148 Pa.Super. 246, 24 A.2d 667, 668, we emphasized a limitation on the right to the benefits intended by the act, thus: ' * * * the basic principle of the root of the Act, justifying the exercise of the police power of the Commonwealth in its enactment, is that the reserves thus set aside from the enforced contributions of employers are to be used for the benefit of persons *unemployed through no fault of their own.*' " 62 A.2d at 115.

The term "discharged for misconduct" as used in I.C. § 72–1366 was defined by this Court in Johns v. S. H. Kress & Company, supra, as follows:

"While the term 'discharged for misconduct' as used in Sec. 72–1366(f), I.C., has been variously defined, we think the term should be interpreted as meaning wilful, intentional disregard of the employer's interests; a deliberate violation of the employer's rules; or a disregard of standards of behavior which the employer has a right to expect of his employees." 78 Idaho at 548, 307 P.2d at 219.

See also Rasmussen v. Gem State Packing Company, supra; Watts v. Employment Security Agency, 80 Idaho 529, 335 P.2d 533 (1959); Mandes v. Employment Security Agency, 74 Idaho 23, 255 P.2d 1049 (1953); 48 Am.Jur. Social Security, Unemployment Insurance, Etc., § 38.

■ A rule laid down by the employer governing off-duty conduct of his employees must have a reasonable relationship to the employer's interests in order that violation thereof will constitute misconduct barring eligibility for unemployment compensation benefits. Gregory v. Anderson, 14 Wis.2d 130, 109 N.W.2d 675, 89 A.L.R.2d 1081 (1961); Michalsky v. Unemployment Compensation Board of Review, supra. Cf. Michigan Emp. Sec. Com'n v. Appeal Board of Mich., E.S.C., 356 Mich. 665, 97 N.W.2d 784 (1959); Department of Labor, Etc. v. Unemployment Comp. Board of Review, 148 Pa.Super. 246, 24 A.2d 667 (1942).

In Michalsky v. Unemployment Compensation Board of Rev., 163 Pa.Super. 436, 62 A.2d 113 (1948), the Pennsylvania Superior Court held that one who has been unemployed because of his conviction and imprisonment for a crime is ineligible for benefits.

In Department of Labor, Etc. v. Unemployment Comp. Board of Review, supra, the Pennsylvania Superior Court held that one who became unemployed by reason

of a conviction and imprisonment for larceny is not eligible for benefits; the Court stated:

"* * * An employer cannot be blamed because of his unwillingness to employ a thief, or one guilty of a crime involving dishonesty or moral turpitude, whether the offense was committed to his injury or another's. * * * The Declaration of Public Policy negatives the conclusion that one who has lost his employment because of his commission of a crime involving moral turpitude shall receive compensation for the unemployment which resulted from his own criminal act." 24 A.2d at 668.

In Gregory v. Anderson, supra, the Wisconsin Supreme Court held that a rule of an employer which forbade consumption of alcoholic beverages by truck drivers in order to obtain liability insurance coverage for his trucks was reasonable, and that a driver's off-duty violation of the rule constituted such misconduct as would bar the employee from unemployment compensation benefits. In that case the Court made the following statement:

"Because of the nature of certain employments, conduct of employees during off-duty hours may harm or tend to harm the interests of the employer. A few examples will suffice to demonstrate that this is so. A merchant might be harmed if a clerk employed by him should make statements to customers, and prospective customers, disparaging the quality of merchandise sold by the merchant, although such statements were made at social functions when the employee was off duty. A Y.M.C.A. secretary, who, while outside of his hours of employment, patronized taverns selling intoxicating liquor, would tend to injure the interests of the organization employing him, which organization seeks to build good character among the youth of the community. Bank tellers, who outside of their working hours, gamble on horse races or speculate (not invest) in the stock market, probably are more likely to be tempted to embezzle funds of the bank than those tellers who do not. A rule of the particular employer, which forbids any of these off-duty employee activities covered in these three illustrations, would be a reasonable one, and discharge for violation thereof would be for misconduct connected with the employment within the meaning of sec. 108.04(5), Stats." 109 N.W. 2d at 679.

Claimant does not question the right of the postal department to discharge him because of a violation of its rule prohibiting conduct of the kind involved in this cause. He asserts however that his discharge from postal employment was not for misconduct in connection with his employment. An employee's conduct off the working premises or outside the course or scope of his employment is generally not considered as misconduct in connection with the employment. There are recognized circumstances, however, as where the conduct is so closely connected with the business interests of the employer as to warrant disqualification for unemployment benefits. See Wisconsin Law Review, 1962, p. 393, and decisions hereinbefore cited.

Here, however, claimant admitted violating the cited postal regulation which forbids infamous, dishonest, immoral or notoriously disgraceful conduct. An employer, be he public or private, has the right to expect his employees to refrain from acts which would bring dishonor on the business name or the institution.

The order of the Industrial Accident Board is reversed. Costs to appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.