**Russell V. Devino and Hildegard Devino v. Adrien DeGuise**

[318 A.2d 175]

No. 191-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Thomas M. Reeves, Esq.,* Burlington, for Plaintiffs.

*V. Louise McCarren, Esq.,* Vermont Legal Aid, Inc., Burlington, for Defendant.

**Smith, J.** The plaintiffs sued the defendant for rent in the amount of $630.00. The defendant, by way of affirmative defense, asserted recovery was barred by reason of the circumstance that during the four and one-half year period of tenancy the plaintiffs failed to furnish sufficient heat during the winter months. After hearing, the District Court of Vermont, Unit

No. 2, Chittenden Circuit, awarded judgment for the plaintiffs and defendant has taken his. appeal here.

The facts of the case are practically undisputed. The premises which were rented on an oral month-to-month basis has two methods of heating. One such method was by a gas heater, and the other was by a wood-fired furnace in the cellar. The defendant claimed to be afraid to use the wood-burning furnace and did not use the same. By the use of the gas heater alone the premises, at temperature of 0° Fahrenheit outside, were cold.

The City of Burlington, where the premises were located, had, in due force and effect, a housing ordinance, provisions of which are pertinent to the defense raised in this case. We now quote:

> Section 924 Ventilation, light and heating.
>
> No person shall . . . let to another for occupancy any dwelling, rooming house, dwelling unit, or rooming unit which does not comply with the following minimum standards for ventilation, light and heating:
>
> . . .
>
> (3) Heating. Every dwelling shall have heating facilities which are capable of safely and adequately heating all habitable rooms, bathrooms, and watercloset compartments within its walls to a temperature of at least 70° when the outside temperature is 0° F.

No complaint was ever made by the defendant to the City of Burlington Building Inspector nor to the landlord relative to the inadequacy of the heat furnished.

What defendant sought below, and is seeking here, as a defense against the claim of the plaintiff for rent due, is that this Court should hold that there is a warrant of habitability in residential leasing agreements, and that if there is a breach of such warranty the obligation to pay rent ceases. *Pines* v. *Perssion*, 15 Wis.2d 590, 111 N.W.2d 409 (1961). This doctrine has been followed by other courts. *Marini* v. *Ireland*, 56 N.J. 130, 265 A.2d 526 (1970); *Javins* v. *First National Realty Corp.*, 428 F.2d 1071 (D.C. Cir. 1970), *cert. denied*, 400 U.S. 925 (1971).

However, what defendant has failed to do is to present to us a factual question upon which we can consider the point

sought to be raised. The defendant failed to use all the facilities provided by the landlord to heat the premises. In this connection, it is to be noted that the burden placed upon the landlord, here the plaintiffs, under the Burlington ordinance, is that the dwelling rented "shall have heating facilities which are capable of adequately heating" the premises to the prescribed temperature reading.

The burden on the landlord was to provide the facilities to produce the heat required, but not heat itself. By her non-use of the heating facilities provided, the defendant tenant has made it impossible to determine whether or not the plaintiff landlord fell short in meeting the responsibilities placed upon him by the housing ordinance.

*Judgment affirmed.*