852 P.2d 498

**Paul DesFOSSES, Employer A/C # 0001445707, Claimant–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, re: Kathleen Anderson, SSN 518–46–0318, Defendant–Respondent.**

**No. 19497.**

Supreme Court of Idaho, Pocatello, April 1993 Term.

May 14, 1993.

Paul J. DesFosses, pro se.

Larry EchoHawk, Atty. Gen., and John C. Hummel, Deputy Atty. Gen., Boise, for respondent.

McDEVITT, Chief Justice.

### BACKGROUND AND PRIOR PROCEEDINGS

By decision dated January 30, 1991, an appeals examiner for the Idaho Department of Employment affirmed (1) a status determination dated August 22, 1990, in which Kathleen Anderson's ("Anderson") services were found to be performed in covered employment and her wages were found to be reportable and taxable for Idaho unemployment insurance purposes, and (2) an eligibility determination dated August 27, 1990, in which Anderson was found eligible for unemployment insurance

benefits because her discharge from appellant Paul J. DesFosses' ("DesFosses") employment was not due to misconduct.

The appeals examiner ("examiner") found, *inter alia,* that Anderson and DesFosses had an employee-employer relationship, that Anderson performed different projects for DesFosses in his personal capacity and in his capacity as president of the National Coalition of IRS Whistleblowers ("Whistleblowers"), that Anderson was paid for her services with checks from the Whistleblowers signed by DesFosses, that Anderson was discharged from her duties after a confrontation with DesFosses, that DesFosses controlled Anderson's job duties and knew that applicable taxes were not being withheld from her paychecks, and that DesFosses provided the major items of equipment. In addition, the examiner found that "[b]oth the claimant and the appellant are not credible witnesses."

The examiner framed the issue as "whether a worker is an independent contractor," identifying a three-pronged inquiry from *Swayne v. Department of Employment,* 93 Idaho 101, 456 P.2d 268 (1969), as controlling: (1) does the worker have authority to hire subordinates; (2) does the worker own major items of equipment; and (3) would either party be liable to the other for a peremptory termination of the business relationship? *See* I.C. § 72–1316(d)(1). The examiner answered each of the three questions in the negative and ruled that "[t]he preponderance of the evidence in the record establishes that the appellant, Paul J. DesFosses, is an employer under the Idaho unemployment insurance statutes, and services performed by Kathleen Anderson ... were performed in covered employment." Furthermore, the examiner ruled that "[s]ince there is insufficient evidence to make a determination of employment-related misconduct the claimant is therefore eligible for unemployment insurance benefits."

On February 13, 1991, DesFosses filed a notice of appeal with the Commission. DesFosses also filed a motion for hearing dated March 1, 1991.

The Commission issued its decision and order on June 26, 1991. The Commission denied an additional hearing, as "the request does not describe any additional evidence to be presented," and "the interests of justice require that no further hearing be held." The Commission conducted a *de novo* review of the record, pursuant to I.C. § 72–1368(g) and *In re Guajardo,* 119 Idaho 639, 809 P.2d 500 (1991), and it adopted the decision of the examiner as its decision.

On August 5, 1991, DesFosses filed a notice of appeal, appealing to this Court pursuant to I.R.C.P. 83(c). This matter was set for oral argument on April 9, 1993, in Pocatello, Idaho. DesFosses failed to appear at the oral argument, and the respondent waived oral argument, so the matter was ordered submitted on the briefs.

### ISSUES ON APPEAL

I.  Is there substantial and competent evidence to support the Commission's finding that DesFosses was a covered employer for unemployment insurance purposes?

II. Was there substantial and competent evidence to support the Commission's finding that Anderson was not discharged from her employment for misconduct?

### ANALYSIS

**A.  Standard of Review.**

■ Whether DesFosses is a covered employer for unemployment insurance purposes is a factual question. *Larsen v. Department of Employment,* 106 Idaho 382, 383–84, 679 P.2d 659, 570–71 (1984). Likewise, whether Anderson was discharged due to misconduct is a factual question. *Lang v. Ustick Dental Office, P.A.,* 120 Idaho 545, 548, 817 P.2d 1069, 1072 (1991). "[O]ur review in cases involving factual disputes is restricted to determining whether findings of fact by the Industrial Commission are supported by substantial and competent evidence in the record." *Lang,* 120 Idaho at 547, 817 P.2d at 1071. *See also Guajardo,* 119 Idaho at 641, 809 P.2d at 502.

## B. *Application of Standard of Review.*

■ In this case, the Commission properly conducted a *de novo* review of the record pursuant to I.C. § 72–1368(g), and *Guajardo,* 119 Idaho at 641, 809 P.2d at 502, and it adopted the decision of the appeals examiner as its decision. The Commission, through the appeals examiner's decision, correctly cited *Swayne,* 93 Idaho at 501, 456 P.2d at 272, as setting forth the proper factors to consider in deciding whether a worker is an independent contractor. The Commission found that Anderson performed services for DesFosses worth in excess of $300.00 in the fourth quarter of 1989, the first quarter of 1990, and the second quarter of 1990. In addition, the Commission found that DesFosses had the authority to hire and fire Anderson; that there was no liability for her termination in excess of compensation for services; that DesFosses owned the major items of equipment; that DesFosses determined the direction and control of Anderson's duties for him; and that Des-Fosses and Anderson intended to have a long-term employer-employee relationship. Our review of the record satisfies us that the Commission's finding that DesFosses was a covered employer for purposes of unemployment insurance is supported by substantial and competent evidence.

■ The Commission found that Anderson was not discharged from employment by DesFosses due to employment-related misconduct because DesFosses, the employer, failed to carry his burden to prove that Anderson was discharged for such misconduct. In this regard, the Commission cited *Parker v. St. Maries Plywood,* 101 Idaho 415, 614 P.2d 955 (1980), wherein this Court held:

> [W]hen an employer challenges an unemployment compensation benefit claimant's eligibility for benefits on the ground that the claimant was discharged for employee misconduct, the employer must carry the burden of proving that the employee was in fact discharged for employment related misconduct.

*Parker,* 101 Idaho at 419, 614 P.2d at 959. Our review of the record satisfies us that

the Commission's finding, that DesFosses failed to prove that Anderson was discharged due to employment-related misconduct, is supported by substantial and competent evidence.

### CONCLUSION

The decision of the Industrial Commission is affirmed.

Costs to respondent.

BISTLINE, JOHNSON, TROUT and SILAK, JJ., concur.