955 P.2d 1097

**In the Matter of a Decision of an Appeals Examiner of the Idaho Department of Labor.**

**Eldon L. QUINN, SSN 563–54–8881, Claimant–Respondent,**

v.

**J.R. SIMPLOT COMPANY, Employer, Defendant–Appellant.**

No. 23609.

Supreme Court of Idaho, Boise, December 1997 Term.

April 2, 1998.

Daniel A. Miller and David E. Spurling, Boise, for defendant-appellant. David E. Spurling argued.

Eldon L. Quinn, Chubbuck, argued as pro se claimant-respondent.

WALTERS, Justice.

This is an appeal from a decision of the Industrial Commission. After the Industrial Commission concluded that Eldon Quinn was eligible for unemployment insurance benefits because his discharge was not based on misconduct, the employer, J.R. Simplot Co., appealed. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Eldon L. Quinn was hired as a laborer by J.R. Simplot Co. in 1981. In December of 1982, Quinn successfully applied for the position of Industrial Hygiene Technician, a position he then held for nearly fourteen years until February 20, 1996. Quinn's position involved performing a variety of testing procedures throughout Simplot's Don Plant at Pocatello. These testing procedures involved sampling noise levels and the exposure of employees to a variety of hazardous conditions, chemicals and other materials. The position also entailed recording the test results, maintaining files and records of the tests, and making recommendations for implementation of controls and modifications to reduce exposure to noise and hazardous materials.

After Quinn's supervisor, Dave Pearson, discovered that Quinn was recording sampling test results for individual employees when the employees were not actually present at the plant, Pearson discharged Quinn for falsifing testing procedures and recordings. Quinn did not deny the allegation that he had recorded sampling test results for individual employees who were not present at the plant, but he claimed that he was monitoring the *area* where the individual employee usually worked and that the test results would be the same whether or not the individual employee was present in the area

at the time the test was taken. Although Quinn designated these tests as personal tests, they were only a form of representative testing.

Quinn filed a claim for unemployment insurance with the Idaho Department of Employment. The Department found Quinn eligible for benefits after concluding that Quinn's discharge was not based on misconduct connected with employment in accordance with Section 72–1366(e) of the Idaho Employment Security Law. Simplot appealed to the Appeals Bureau of the Department. The appeals examiner upheld the Department's determination. Thereafter, Simplot appealed the decision to the Industrial Commission. The Industrial Commission affirmed the decision of the appeals examiner holding that Quinn was eligible for unemployment benefits.

The Commission held that Simplot did not establish by a preponderance of the evidence that Quinn was discharged for employment-related misconduct. The Commission concluded that Simplot failed to show that Quinn intentionally disregarded his employer's interests, and that Simplot did not prove that Quinn failed to meet the standard-of-behavior that Simplot had the right to expect. Simplot did not establish that its standard-of-behavior expectations were communicated to Quinn, therefore, such expectations were unreasonable. Simplot filed a motion for reconsideration which was denied by the Industrial Commission.

Simplot then pursued the instant appeal. Simplot claims the Industrial Commission's decision is not supported by substantial evidence and that Quinn was fired for misconduct.

## II.

## DISCUSSION

### A. Standard of Review.

■ On appeal, the Supreme Court's review of decisions of the Industrial Commission is limited to questions of law. Idaho Const. art. V, § 9; *Hart v. Deary High School,* 126 Idaho 550, 552, 887 P.2d 1057, 1059 (1994); *Campbell v. Bonneville County Bd. Of Comm'rs,* 126 Idaho 222, 225, 880 P.2d 252, 255 (1994). The Commission's findings of fact will not be disturbed on appeal where they are supported by substantial and competent evidence. I.C. § 72–732; *Lethrud v. State,* 126 Idaho 560, 563, 887 P.2d 1067, 1070 (1995); *Lang v. Ustick Dental Office, P.A.,* 120 Idaho 545, 547, 817 P.2d 1069, 1071 (1991). Where conflicting evidence is presented that is supported by substantial, competent evidence, the findings reached by the Commission must be sustained regardless of whether this Court may have reached a different conclusion. *Spruell v. Allied Meadows Corp.,* 117 Idaho 277, 279, 787 P.2d 263, 265 (1990).

■ Idaho Code § 72–1366(e) provides that a claimant is rendered ineligible for unemployment benefits if he voluntarily left his employment without good cause connected with his employment, or was discharged for misconduct in connection with his employment. I.C. § 72–1366(e); *Puckett v. Idaho Dep't of Corrections,* 107 Idaho 1022–23, 695 P.2d 407–08 (1985). The burden of proving discharge is on the claimant, and only if the claimant proves discharge does the employer have the burden of proving misconduct. *Johnson v. Idaho Cent. Credit Union,* 127 Idaho 867, 869, 908 P.2d 560 (1995). In the present case, there is no dispute that Quinn was discharged, therefore, the sole issue is whether Quinn was discharged for employment-related misconduct.

■ An employer who challenges a claimant's eligibility for unemployment insurance benefits carries the burden of proving that the employee was discharged for employment-related misconduct. *DesFosses v. Dep't of Employment,* 123 Idaho 746, 748, 852 P.2d 498, 500 (1993) (citing *Parker v. St. Maries Plywood,* 101 Idaho 415, 419, 614 P.2d 955, 959 (1980)). The employer must prove by a preponderance of evidence that the discharge was for misconduct or the claimant will be awarded benefits. *Roll v. City of Middleton,* 105 Idaho 22, 25, 665 P.2d 721, 724 (1983); *Parker v. St. Maries Plywood,* 101 Idaho 415, 419, 614 P.2d 955, 959 (1980).

The determination of whether an employee's conduct constituted misconduct pursuant to I.C. § 72–1366(e) is a question of fact, therefore, the decision of the Commission will be upheld if supported by substantial and competent evidence. *Merriott v. Shearer Lumber Products*, 127 Idaho 620, 622, 903 P.2d 1317, 1319 (1995) (citing *Taylor v. Burley Care Center*, 121 Idaho 792, 793, 828 P.2d 821, 822 (1991)). Misconduct has been defined by this Court as (1) a willful, intentional disregard of the employer's interest; (2) a deliberate violation of the employer's rules; or (3) a disregard of standards of behavior which the employer has a right to expect of its employees. *Laundry v. Franciscan Health Care Center*, 125 Idaho 279, 282, 869 P.2d 1374, 1377 (1994) (citing *Johns v. S.H. Kress & Co.*, 78 Idaho 544, 548, 307 P.2d 217, 219 (1957)).

In this case, the Commission did not address, nor does Simplot argue on appeal, that Quinn's conduct was a deliberate violation of Simplot's rules. Instead, the focus of this appeal is: (1) whether Quinn intentionally disregarded Simplot's interests, and (2) whether Quinn disregarded a standard of behavior that Simplot had the right to expect.

## B. Intentional Disregard of Simplot's Interest.

We first address whether Quinn intentionally disregarded Simplot's interests. The Commission held that despite Simplot's assertion, Simplot failed to submit any written company or OSHA regulations which clearly establish that a personal test cannot be a representative test. The Commission concluded that, without such evidence, Simplot failed to show by a preponderance of evidence that Quinn intentionally had disregarded Simplot's interests. The Commission recognized that Simplot referenced two OSHA regulations but noted that these were not part of the original record, stating that if Simplot had "introduced such evidence, [the Commission] might have reached a different conclusion."

On appeal, Simplot asserts that Quinn intentionally disregarded Simplot's interests, even though the Commission found that Simplot did not submit any written company or OSHA regulations that established how personal tests were to be conducted. Simplot also contends the Commission should have taken judicial notice of the two OSHA requirements that Quinn violated, as requested by Simplot in its motion for reconsideration.

The Commission did not take judicial notice of the OSHA regulations as requested, standing by its earlier determination that the OSHA regulations were not part of the record and need not be considered. We find no error in the Commission's approach.

Idaho Code § 72–1368(g) provides in part:

> The record before the commission shall consist of the record of proceedings before the appeals examiner, unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence. In that event, the commission may, in its sole discretion, conduct a hearing to receive additional evidence....

This statute allows parties to present additional evidence, but "does not require the Commission to consider additional evidence." *Teevan v. Office of the Attorney General*, 130 Idaho 79, 81, 936 P.2d 1321, 1323 (1997). The Commission's determination of whether to consider the additional evidence is in its sole discretion, and shall not be overturned absent an abuse of discretion. *Id.*

In the present case, there was not a request for a supplemental hearing to determine whether the Commission would receive the additional evidence. Instead, the Commission declined Simplot's suggestion to take judicial notice of the OSHA regulations, and limited its review to the record of the proceedings before the appeals examiner, pursuant to I.C. § 72–1368(g). The appeals examiner found that Simplot "maintained, without challenge, that the environmental testing that was the claimant's job to perform is required by OSHA. However, no evidence was presented as to specific requirements for 'personal' testing." Hence, although Simplot referred to the regulations, Simplot did not present evidence of these OSHA regulations, nor did it seek to introduce the regulations in

the proceeding before the appeals examiner. Consequently, these regulations were not part of the appeals examiner's record and thus not part of the record before the Commission.

Simplot cites I.R.E. 201(b) and Idaho Code § 9–101(3) in support of its argument that the Commission should have taken judicial notice of the OSHA regulations. However, that authority refers only to "courts" taking judicial notice and does not directly apply to the Commission. We have consistently held that the Commission is not governed by the same rules of evidence as courts of law. *Matter of Wilson*, 128 Idaho 161, 165, 911 P.2d 754, 758 (1996); *Kinney v. Tupperware Co.*, 117 Idaho 765, 770, 792 P.2d 330, 335 (1990). There is no provision requiring the Commission to take judicial notice of the OSHA regulations. Consequently, the Commission exercised its discretionary power and did not take judicial notice of the OSHA regulations, thus limiting its review to the record before the appeals examiner. We conclude that it was not an abuse of discretion for the Commission to limit its review to the record before the appeals examiner and not to consider Simplot's proffer of additional evidence.

Without the OSHA regulations in the record, the Commission's determination that Quinn did not intentionally disregard Simplot's interests is supported by substantial, competent evidence. According to the evidence, Quinn was hired for the industrial hygienist position in 1982, and he received no training manuals or supervision. The individual who had held the position before Quinn did not train Quinn and only told Quinn to read the previous tests and forms used. On his own initiative, Quinn bought a book addressing the fundamentals of industrial hygiene, which he followed and used to develop his own sampling agenda. For fourteen years Quinn recorded and reported his findings without question. Therefore, we conclude that the record contains substantial and competent evidence to support the Commission's determination that Quinn did not intentionally disregard Simplot's interests.

## C. Disregard of the Standard of Behavior that Simplot had the Right to Expect.

We next address the issue of whether Quinn disregarded the standard of behavior that Simplot had the right to expect. Simplot asserts that Quinn was fired for misconduct because his conduct fell below the standard of behavior that Simplot expected of him.

■ The standard-of-behavior test for employee misconduct cases is a two-part inquiry encompassing (1) whether the employee's conduct fell below the standard of behavior expected by the employer; and (2) whether the employer's expectation was objectively reasonable in the particular case. *Taylor*, 121 Idaho at 793, 828 P.2d at 822.

In *Davis v. Howard O. Miller Co.*, 107 Idaho 1092, 1094–95, 695 P.2d 1231, 1234–35 (1984), this Court held that:

some expectations and duties "flow normally from an employment relationship." Other expectations however, do not "flow naturally." If certain practices or expectations are not common among employees in general or within a particular enterprise, and have not been communicated by the employer to the employee, they cannot serve as a proper basis for a charge of employee misconduct.

In *Merriott v. Shearer Lumber Products*, 127 Idaho 620, 903 P.2d 1317 (1995), this Court reemphasized that an employer need only communicate those expectations and duties which do not "flow naturally" from an employment relationship. In this regard, *Bullard v. Sun Valley Aviation, Inc.*, 128 Idaho 430, 914 P.2d 564 (1996), provides an example of the violation by an employee of a standard of behavior expected by the employer, flowing from the nature of the employment, but not formally communicated to the employee.

■ Here, the Commission held that "[h]aving found that [Simplot's] expectations were not communicated, we necessarily find that, under the circumstances, such expectations were not reasonable." The Commission's approach circumvented the possibility that the employer's expectation of a certain standard of behavior need not be communi-

cated to the employee where that standard naturally flowed from the employment relationship. The mere fact of a lack of communication of the standard to the employee does not automatically make the employer's expectation unreasonable. *See, e.g., Bullard v. Sun Valley Aviation, Inc., supra.* The two concepts clearly are not interdependent. However, the Commission's apparent misperception of the standard-of-behavior rule, equating noncommunication with unreasonableness in this case, does not necessarily end the inquiry about whether Quinn violated any test procedures.

During the fourteen-year period that Quinn worked for Simplot as an industrial hygienist, Quinn conducted numerous area and personal sampling without incident and without any warning that his method of recording such tests was wrong. Quinn's testimony that personal tests could be conducted without the person being present was not clearly contradicted. The record before the Commission did not contain any supporting OSHA regulations showing that Quinn's methods were incorrect. In addition, the record was void of any company regulations instructing Quinn how to conduct or record the sampling tests. Without these regulations in the record, Simplot did not establish that Quinn's alleged failure to comply with such regulations constituted a violation of his employer's reasonable expectations. It follows that the Commission correctly held that Quinn's discharge was not justified for misconduct as claimed by Simplot.

### III.

### CONCLUSION

The Commission's determination that Quinn is eligible for unemployment benefits is affirmed. Costs on appeal are awarded to the respondent, Quinn.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.