755 P.2d 1282

**Charlene M. HINE, SSA 519 50 2042, Claimant–Appellant,**

v.

**TWIN FALLS COUNTY, Employer–Respondent,**

and

**State of Idaho, Department of Employment, Respondent.**

No. 17082.

Supreme Court of Idaho.

May 20, 1988.

Roark, Donovan, Praggastis, Elkins & Phillips, Hailey, for claimant-appellant. Kathleen E. Rivers, Ketchum, argued.

Jim Jones, Atty. Gen., and Roger T. Martindale (argued), Deputy Atty. Gen., Boise, for State of Idaho, Dept. of Employment.

K. Ellen Baxter, Twin Falls County Pros. Atty., Twin Falls, for employer-respondent Twin Falls County.

HUNTLEY, Justice.

The sole issue in this appeal is whether the Industrial Commission erred in determining that the claimant, Charlene Hine, left her employment voluntarily without good cause connected with her employment.

Twin Falls County employed Charlene Hine as a deputy sheriff from July 15,

1978, until December 31, 1986. Hine took one week of vacation in December of 1986. During her absence an investigation was initiated to determine the whereabouts of missing funds. When Hine returned to work on December 29, 1986, she was informed of the investigation and was asked to assist. Hine was advised of her Miranda rights and, thereafter, she spent approximately six hours going over files and records with Harold Jensen, chief deputy sheriff. At the end of the day, Hine was informed that criminal charges would be filed against her. Hine submitted a letter of resignation and was instructed by Sheriff James Munn to make it effective as of December 31, 1986.

Hine sent letters to the Department of Employment dated January 23, 1987, and February 10, 1987, explaining her reason for quitting. Hine stated that she "felt" that had she not resigned that she would have been forced to participate in an investigation to gather evidence against herself, or she might have been arrested in front of her fellow employees. Hine also noted in her letter of February 10, that Harold Jensen had testified in court on February 9, 1987, that had Hine not resigned she would have been terminated due to the filing of criminal charges against her. This Court, however, has no record of Harold Jensen's testimony other than Charlene Hine's letter. Since no objection was made to the admission of the letters as exhibits below, we presume that their contents correctly state the facts.

Hine appealed the Department of Employment's denial of her unemployment benefits. On March 9, 1987, a hearing before an appeals examiner was held. Joel Horton, deputy prosecuting attorney in Twin Falls, was permitted to attend as an observer but was not representing anyone at the hearing. Hine chose not to testify during this hearing because Mr. Horton was present; she felt compelled to stand behind her fifth amendment right against self-incrimination, since at that time criminal charges were pending against her for embezzling funds from the Sheriff's Department. Thus, Hine's evidence was based solely upon her claim and letters to the Department of Employment.

The appeals examiner denied the claim finding that she had voluntarily left work without good cause. The examiner determined that Hine had not explored her available options prior to quitting her job.[1] Hine then appealed to the Industrial Commission, requesting a hearing before the Commission in order to present oral argument. The Commission made its determination based upon briefs submitted by the parties, ruling that a hearing for the purpose of oral argument was not justified. The Commission determined that the appeals examiner's recommendation should be adopted and that the claimant had failed to meet her burden of establishing good cause for resigning her position. The Commission's findings and conclusions are supported by substantial, competent evidence.

In order for Hine to qualify for unemployment benefits, she must meet the eligibility requirement under I.C. § 72–1366(e):

**72–1366. Personal eligibility conditions.**—The personal eligibility conditions of a benefit claimant are that—

. . . .

(e) His unemployment is not due to the fact that he left his employment voluntarily without good cause connected with his employment, or that he was discharged for misconduct in connection with his employment.

The burden of proving and establishing statutory eligibility for unemployment benefits rests with the claimant. *Pyeatt v. Idaho State University*, 98 Idaho 424, 425, 565 P.2d 1381, 1382 (1977). Thus, the claimant bears the burden of establishing good cause when she has voluntarily terminated her employment. *Id.*

---

1. The "other options" might have included either cooperating further with the investigation in order to clear her name if she were innocent, or remaining silent and seeking temporary suspension from duty pending resolution of the charges.

Hine claims that the county sheriff's threat of filing criminal charges against her is good cause as a matter of law for voluntarily resigning, relying upon this Court's holding in *Bortz v. Payless Drug Store*, 110 Idaho 942, 719 P.2d 1202 (1986). In *Bortz*, the claimant had taken a pair of new shoes (retail value $4.99) from her employer, Payless, but was later cleared of the charge. Bortz was called into the security office, given Miranda warnings and questioned about the shoes. During questioning, the security officer also accused Bortz of being responsible for till shortages in her cash register. Bortz quit her job because she had *"sensed from the tenor of the conversation that she was to be discharged." Id.* at 944, 719 P.2d 1202. (Emphasis in original). The Industrial Commission determined that *"there was no evidence that the claimant ever stole any money or any merchandise from Payless." Id.* at 945, 719 P.2d 1202. (Emphasis in original). This Court then stated that "[t]he inquisition intimated her guilt on *unfounded charges* of theft to the point where she correctly surmised she was about to be fired.... Here, Bortz had no alternative to leaving work, since, as specifically found by the Commission, Payless already had decided to fire her." *Id.* at 945–946, 719 P.2d 1202. (Emphasis added).

Although the facts in *Bortz* bear a general resemblance to those in the case at bar, there is one critical distinction: While the charges against the claimant in *Bortz* were "unfounded," this Court has taken judicial notice (confirmed by counsel at oral argument) of the fact that Charlene Hine was subsequently convicted of embezzling funds from her employer.

Hine's conviction for embezzling funds proves that she did not have "good cause" for leaving her employment voluntarily, since her conviction was based upon her own actions and would, in fact, have been appropriate grounds for Hine's employer to discharge her for "misconduct in connection with ... [her] employment." I.C. § 72–1366(e). In fact, the very purpose of

Idaho's Employment Security Law is the setting aside of unemployment reserves "to be used for the benefits of persons unemployed through no fault of their own." I.C. § 72–1302. Clearly, Hine has not substantiated that she is unemployed through no fault of her own, as based upon the evidence in this case. Therefore, Hine has not satisfied her burden of proving either her eligibility for unemployment benefits or that she left her employment voluntarily with good cause.

Affirmed. Costs to respondents; no attorney fees awarded.

BAKES, J., and McFADDEN, J. Pro Tem., concur.

WALTERS, J. Pro Tem., concurs in the result.

BISTLINE, Justice, dissenting.

I cannot readily agree with the manner in which the majority distinguishes *Bortz v. Payless Drug Store*, 110 Idaho 942, 719 P.2d 1202 (1986), wherein it is said that:

> [W]hile the charges against the claimant in *Bortz* were 'unfounded,' this Court has taken judicial notice (confirmed by counsel at oral argument) of the fact that Charlene Hine was subsequently convicted of embezzling funds from her employer.

At 246, 755 P.2d at 1284 (parenthesis in original).

More simply and accurately stated, there is no evidence in the record which establishes that claimant Hine was convicted of embezzlement. This Court *could* take judicial notice of that fact *if* a certified copy of the conviction had been made available. I.C. § 9–101(3), provides that we may take judicial notice of "[p]ublic and private official acts of the legislative, executive and judicial departments."

The point here involved is that on an appeal a party cannot bring into the appeal factual matters which were not before the lower tribunal by mere assertion thereof even though it may have been "confirmed

by counsel at oral argument." Such a procedure puts this Court or some member thereof in the untenable position of obtaining ultra vires a "judicial" off-the-record confirmation of the veracity of the "oral confirmation" volunteered by counsel. Such a practice on the part of counsel and this Court ought not to be condoned, and thus encouraged.

Moreover, I am not at all certain that relief would have denied the claimant in *Bortz,* had she been charged and convicted of the inadvertent theft of two dollars worth of footwear. There may be some law whereby a factual determination in a criminal action can be afforded res judicata effect in an administrative civil proceeding, but if so, I am unaware that it has been brought to our attention.

In my view the administrative proceeding where Hine sought unemployment benefits should have opened and closed with her being accorded the usual presumption of innocence which has forever held sway in all of these United States, including Idaho. On a later determination of complicity in criminal activity, and affirmed on appeal, it would then be in order for the State to bring action to recover payments. For this Court to allow and endorse the procedure here utilized, *i.e.,* presume a claimant guilty *before* it is a fact defeats the intent and purpose of the law:

> The legislature, therefore, declares that, in its considered judgment, the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, and for the compulsory setting aside of unemployment reserves to be used for the benefits of persons unemployed through no [established] fault of their own.

I.C. § 72–1302.