**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47608**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: December 14, 2020** |
| Plaintiff-Appellant, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| CHARLES BRADLEY PRICE, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Respondent. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Order of dismissal of felony DUI, vacated, and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen, argued

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for respondent. Justin C. Curtis, argued

———————————————————————

HUSKEY, Chief Judge

The State appeals from the district court's order dismissing Charles Bradley Price's charge for felony driving under the influence of alcohol, drugs, or any other intoxicating substance (DUI), two or more convictions within ten years. On appeal, the State argues the district court erred in concluding that Price's prior DUI conviction could not be used for enhancement purposes. We vacate the order dismissing the felony DUI charge and remand the case for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, the State charged Price with felony DUI, two or more convictions within ten years, and misdemeanor open container. Price moved to dismiss the felony, asserting that his DUI

1

conviction from 2017 had been obtained in violation of his right to counsel and therefore, could not be used for enhancement purposes. The State opposed the motion.

The district court reviewed the record of the 2017 case and made the following factual findings: (1) during or before his arraignment, Price watched a video that explained his rights, including his right to counsel; (2) Price acknowledged that he watched the video and understood his rights; (3) Price did not have counsel at the arraignment, but told the magistrate court that he was going to look into getting an attorney; (4) on the misdemeanor minute entry log for the arraignment, the magistrate court marked that Price would retain counsel; (5) at the change of plea and sentencing hearing, the magistrate court asked Price, "Are you representing yourself today?" and Price answered "Yes"; (6) the magistrate court asked no further questions about Price's representation; and (7) on the misdemeanor minute entry log for the change of plea and sentencing hearing, the magistrate court did not mark that Price had waived counsel.

The district court then concluded: (1) the verbal exchange between Price and the magistrate court was "at best ambiguous" as to whether Price was waiving his right to counsel; (2) it was the State's burden to establish a valid waiver; and (3) the State had not established that Price intentionally waived his right to counsel. As a result, the district court issued an order granting Price's motion to dismiss. The State timely appeals.

## II.

## STANDARD OF REVIEW

When reviewing a lower court's determination regarding the waiver of a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts as found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct. App. 1989).

## III.

## ANALYSIS

The State does not challenge any of the district court's factual findings; instead, it disagrees with the district court's legal conclusions. The State argues the district court erred by incorrectly shifting the burden of proof to the State to prove Price *was not* denied the right to counsel rather than imposing the burden on Price to prove he *was* denied counsel and that this error necessitates a remand to the district court. The State also argues the district court erred in concluding that Price was denied the right to counsel. In response, Price agrees it is the defendant's burden to prove that

2

he did not knowingly, intelligently, and voluntarily waive his right to counsel; however, Price asserts this is immaterial because he demonstrated the record was silent as to his alleged waiver of counsel, which is sufficient to show a denial of counsel.

For felony enhancement purposes, the State has the initial burden to show the existence of prior convictions. *State v. Schwab*, 153 Idaho 325, 330, 281 P.3d 1103, 1108 (Ct. App. 2012). To collaterally attack a prior conviction based on the denial of the right to counsel, the defendant must show an invalid waiver of his right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 92 (2004). The defendant has the burden in a collateral attack on an uncounseled conviction to prove that he did not competently and intelligently waive his right to the assistance of counsel. *Id.* Thus, the parties' respective burdens when a defendant collaterally attacks a prior conviction are as follows:

> [T]he state must first establish the existence of the prior convictions on which the state is relying for enhancement purposes. This burden requires only that the state produce the judgments of conviction or other evidence of the existence of the convictions. Once the state meets that burden, the burden of going forward with proof that the conviction was constitutionally defective is placed on the defendant. Accordingly, the defendant must produce evidence establishing a constitutional challenge to the validity of the judgments on which the state relies. The state must then prevail on its claim of the validity of the prior judgments.

*Schwab*, 153 Idaho at 330, 281 P.3d at 1108 (citations omitted); *see also State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996). Defense counsel's mere assertions, unsupported by evidence introduced into the record, are not sufficient to establish a constitutional challenge to the validity of a waiver; the defendant must present some evidence of a constitutional defect to shift the burden to the State. *State v. Moore*, 148 Idaho 887, 895-96, 231 P.3d 532, 540-41 (Ct. App. 2010).

Here, the district court incorrectly believed the State had the burden to establish Price validly waived counsel. "Misapplication of the burden of proof does not invariably result in prejudice," *Alumet v. Bear Lake Grazing Co.*, 119 Idaho 946, 953, 812 P.2d 253, 260 (1991); however, a remand is necessary if "a decision, taken as a whole, appears to reflect a misapprehension of law." *Thrall v. St. Luke's Reg'l Med. Ctr.*, 157 Idaho 944, 949, 342 P.3d 656, 661 (2015). Additionally, a remand may be avoided if it is plain from the judge's reasoning that the result would not change. *State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct. App. 1985).

In *Alumet*, the Idaho Supreme Court remanded the case because the district court misallocated the burden of proof and required Alumet to carry an evidentiary burden that was contrary to well-established law in Idaho and other jurisdictions. *Alumet*, 119 Idaho at 953-54,

3

812 P.2d at 260-61. Similarly, in *Thrall*, the Idaho Supreme Court found the Industrial Commission incorrectly required Thrall to prove she was not discharged for misconduct instead of requiring St. Luke's to show Thrall's discharge "was for misconduct in connection with Thrall's employment." *Thrall*, 157 Idaho at 948-49, 342 P.3d at 660-61. Thus, the Industrial Commission's decision as a whole, reflected a misapprehension of the law and a remand was necessary for the Industrial Commission to determine whether St. Luke's could meet its evidentiary burden. *Id.* Finally, in *Papin*, the Idaho Supreme Court affirmed the district court's decision, on intermediate appeal, to remand the case to the magistrate court. *Papin v. Papin*, 166 Idaho 9, 32, 454 P.3d 1092, 1115 (2019). There, the district court remanded the case to the magistrate court because the magistrate court incorrectly allocated the burden of proof to the husband. *Id.* The remand was necessary for the magistrate court to reweigh the evidence in light of the wife, rather than the husband, bearing the burden of proof on whether community income was used to pay for a specific asset and to determine whether the record on that issue was sufficient or should be supplemented. *Id.*

Here, we cannot say the district court's decision would not change after a correct allocation of the burden of proof.[1] The district court recognized that "the issue before the Court is whether there is any indication in the record of waiver." Because the State did not prove that Price validly waived his right to counsel, the district court found that there was no waiver of Price's right to counsel. It is not clear that the district court would have reached the same result had it understood that Price had the burden of demonstrating the absence of a valid waiver, as opposed to the State having the burden of establishing the presence of a valid waiver. Therefore, a remand is necessary for the district court to determine whether Price can meet his burden of establishing the absence of a valid waiver.

---

[1]     In response to this Court's questions at oral argument, both parties presented arguments not raised in the district court regarding the allocation of the burden of proof. For example, the State argues that if the defendant need only show the record is silent, then that eliminates any burden of proof placed on the defendant. Instead, absent evidence that the defendant was denied counsel, as in *State v. Farfan-Galvan*, 161 Idaho 610, 389 P.3d 155 (2016), there is no presumption against a valid waiver because the record is not silent. Conversely, Price argues a waiver can be established in two ways: first, because the record is silent, as in *Farfan-Galvan*; or second, if there is a waiver, then the defendant has to show why the waiver was insufficient as in *Iowa v. Tovar*, 541 U.S. 77, 92 (2004). Price further argues that a silent record does not mean a record that demonstrates counsel was denied; but rather, a silent record is one that does not establish a valid waiver. Because we remand the case, we need not address these arguments.

**IV.**

**CONCLUSION**

The district court's order dismissing Price's 2019 felony DUI charge is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge LORELLO **CONCUR**.